**PASTORE v. CITY OF SWEETWATER, et al.**
No. 65-C-90.
Circuit Court, Dade County.
June 1, 1965.

Robert M. Brake of Brake, Murphy, McGee & Graves, Coral Gables, for plaintiff.

Edward N. Moore of Walters, Moore & Costanzo, Miami, for defendants.

JAMES LAWRENCE KING, Circuit Judge.

*Final declaratory decree*: This cause was heard before the court on final hearing, in a suit instituted by the mayor of Sweetwater to determine the validity of a city ordinance purportedly enacted by the city council on September 14, 1964.

The court, having carefully considered the pleadings, testimony and proof, and the oral argument of the highly competent and experienced counsel for the parties, finds—

1. The court has jurisdiction of the subject matter and of the parties.

2. The equities of the cause are with the plaintiff, Mayor Charles R. Pastore.

3. Ordinance no. 492 of the city of Sweetwater is invalid. The subject ordinance attempts to create city officers cast in the form of department heads and altering the duties and responsibilities of the mayor of the city as established by the charter of the city, consisting of—(a) the minutes of incorporation of the town of Sweetwater, dated October 10, 1941, (b) the general laws of the state of Florida, (under which the city was incorporated) and, (c) chapter 27917, Special Acts of the State of Florida, 1951.

4. Chapter 166.01, Florida Statutes 1963, requires every city and town in this state, incorporated under the general laws of Florida, to either amend its charter or adopt a new charter if the city council decides to—

". . . alter or change the *numbers, powers, duties*, compensation, terms of office and the time and manner of election or appointment of any and all officers and boards, whether created by or recognized in state legislation or ordinances; abolish any or all offices and boards, whether created by or recognized in state legislation or ordinances, and *create such offices and boards as may be deemed proper for the government of such city or town*, and provide for the manner of their election or ap-

pointment, and *otherwise determine the manner in which its corporate power shall be exercised,* by amending its charter or adopting a new charter, consistent with the constitution and general laws of the State; . . ." (Italics added.)

The purposes sought to be accomplished by city ordinance no. 492 squarely fall within the provisions of F.S. 166.01, necessitating either charter amendment or adoption of a new city charter.

5. Since the enactment of art. VIII, sec. 11(1), constitution of Florida, requiring the governing body of Metropolitan Dade County to provide a method by which each municipal corporation in Dade County "shall have the power to make, amend or repeal its own charter"; and the subsequent adoption of the charter of Metropolitan Dade County pursuant thereto, the sole method of amending or revoking the municipal charter of the city of Sweetwater is prescribed in art. V, sec. 5.03. This provision of the metropolitan charter renders mandatory the submission of ordinances amending or revoking a charter to the electorate of the city within 120 days after adoption of the ordinance. The purported enactment of ordinance no. 492 amending or altering the city's charter not having been submitted to the city electorate, contrary to the plain provisions of the home rule charter, is a nullity and therefore, void.

6. The ordinance here under consideration is in direct conflict with chapter 27917, Special Acts 1951, vesting in the mayor of the town of Sweetwater, exclusive power to appoint the chief of police of the town, with the consent of the council. This special act of the 1951 Florida legislature is a part of the city charter of the city of Sweetwater and in order for the city council to change this power and responsibility of appointment from the mayor to the "Department of Public Safety and Fire" and put it under the direct control of a member of the city council as "Department Head" (ordinance no. 492, section 3(a), (b), (c) ), compliance with art. V, sec. 5.03 of the charter of Metropolitan Dade County is mandatory.

7. The pleadings and proof establish, as a final basis of invalidity, that the subject ordinance was not submitted to the mayor for his approval in accordance with the procedures specified in chapter 165.11, Florida Statutes, requiring submission with opportunity for the mayor to make such written objections as he may desire, which then can only be overridden at the next regular meeting by a two-thirds vote of the council.

It is ordered, adjudged and decreed that ordinance no. 492 of the city of Sweetwater, purportedly enacted by the city council on September 14, 1964, be and the same is hereby declared invalid and of no force and effect. The parties to this suit shall each bear their own costs.